# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL ACTION |
| ) | No. 11-20106-01-KHV |
| v. ) | |
| ) | CIVIL ACTION |
| ARMANDO VELASQUEZ-BUSTILLO, ) | No. 13-2578-KHV |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

On June 22, 2012, defendant pled guilty to illegal re-entry after deportation. On September 11, 2012, the Court sentenced defendant to 51 months in prison.[1] This matter is before the Court on defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #41) filed November 7, 2013. For reasons stated below, the Court overrules defendant's motion.

## Analysis

Defendant's total offense level was 22, with a criminal history category V, resulting in a guideline range of 77 to 96 months. At sentencing, pursuant to the plea agreement, the government sought a downward departure of four levels under Section 5K3.1 of the Sentencing Guidelines. Judge Phillips granted the government's request and sentenced defendant to the low end of the revised guideline range.[2]

---

[1] Sitting by designation, The Honorable Beth Phillips sentenced defendant.

[2] Defendant's revised offense level was 18, with a criminal history category V, resulting in a guideline range of 51 to 63 months.

Defendant seeks relief under 28 U.S.C. § 2255. The standard of review of Section 2255 petitions is quite stringent. The Court presumes that the proceedings which led to defendant's conviction were correct. See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989). To prevail, defendant must show a defect in the proceedings which resulted in a "complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974).

In his present motion, defendant seeks a downward departure of one additional level under the "fast track program." The government recommended and defendant received the maximum benefit possible under Section 5K3.1. See U.S.S.G. § 5K3.1 (upon government motion, court may depart downward not more than four levels under early disposition program authorized by U.S. Attorney General and U.S. Attorney in that district). To the extent defendant asks the Court to reduce his sentence further because he participated in a fast track program, he has not shown that Section 2255 authorizes such relief. He has not alleged or shown a defect in the proceedings which resulted in a complete miscarriage of justice. He also has not alleged that counsel was ineffective for not seeking a downward departure of five levels. In any event, the Court finds that in light of the plea agreement which set forth the government's agreement to recommend a downward departure of four levels and the text of Section 5K1.3 of the Sentencing Guidelines, counsel's failure to ask for a downward departure of five levels was not deficient or prejudicial.[3]

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. See 18 U.S.C. § 3582(c); United States v. Blackwell, 81 F.3d 945,

---

[3] To establish ineffective assistance of counsel, defendant must show that (1) the performance of counsel was deficient and (2) the deficient performance was so prejudicial that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687, 694 (1984).

947 (10th Cir. 1996). Congress has set forth three limited circumstances in which a court may modify a sentence: (1) upon motion of the Director of the Bureau of Prisons in extraordinary circumstances or where defendant has reached 70 years of age and has served at least 30 years in prison; (2) when "expressly permitted by statute or by Rule 35;" and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(1), (2); see Blackwell, 81 F.3d at 947-48. None of these exceptions apply here. Moreover, Rules 35 and 36 of the Federal Rules of Criminal Procedure clearly do not authorize a substantive modification of defendant's sentence at this time. See Blackwell, 81 F.3d at 947-48; Fed. R. Crim. P. 35 (authorizes resentencing to correct illegal sentence on remand from court of appeals, to reflect defendant's substantial assistance on motion of the government and to correct arithmetical, technical or other clear error within 14 days of sentencing); Fed. R. Crim. P. 36 (authorizes court to correct clerical-type errors). Finally, the Court does not have inherent authority to resentence defendant. See Blackwell, 81 F.3d at 949. For these reasons, the Court does not have jurisdiction to resentence defendant at this time.

## **Conclusion**

The files and records in this case conclusively show that defendant is not entitled to relief. Moreover, defendant does not allege specific and particularized facts which are not directly refuted by the record or if true, would entitle him to relief. Accordingly, no evidentiary hearing or response by the government is required. See 28 U.S.C. § 2255; United States v. Kilpatrick, 124 F.3d 218, 1997 WL 537866, at *3 (10th Cir. Sept. 2, 1997) (allegations of ineffective assistance must be specific and particularized; conclusory allegations do not warrant hearing); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where factual matters raised by

Section 2255 petition may be resolved on record); United States v. Barboa, 777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing not required unless "petitioner's allegations, if proved, would entitle him to relief" and allegations are not contravened by record).

**Certificate Of Appealability**

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).[4] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)). For reasons stated above, the Court finds that defendant has not made a substantial showing of the denial of a constitutional right. Accordingly, the Court denies a certificate of appealability.

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #41) filed November 7, 2013 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED.**

Dated this 15th day of November, 2013 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Judge

---

[4] The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).